# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**August 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**KATIE GEE,**
**Claimant Below, Petitioner**

**v.)  No. 25-ICA-92**          (JCN: 2024013426)

**ACNR RESOURCES, INC.**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Katie Gee appeals the February 6, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent ACNR Resources, Inc. ("ACNR") timely filed a response.[1] Ms. Gee did not file a reply. The issue on appeal is whether the Board erred in affirming three separate orders of the claim administrator, which (1) closed the claim for TTD benefits, (2) denied a cold compression therapy unit and shoulder wrap, and (3) denied the compensability of cervical radiculopathy in the claim. [2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's order, but no substantial question of law.  This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the Board's order is affirmed, in part, and reversed, in part.

Ms. Gee was seen in the emergency department at Reynolds Memorial Hospital on January 26, 2024. Christopher O'Neal, D.O., examined Ms. Gee, who reported that a rock about the size of a football fell onto the right side of her upper back adjacent to the medial

---

[1] Ms. Gee is represented by J. Thomas Greene, Esq., and T. Colin Greene, Esq., Bailey, Stultz & Greene, PLLC. ACNR is represented by Aimee M. Stern, Esq., Dinsmore & Shohl, LLP.

[2] The Board's order also affirmed the claim administrator's additional orders denying authorization for a cold compression therapy unit and lumbar wrap and denying the compensability of right shoulder pain. Ms. Gee's brief makes it clear that her appeal is limited to the issues of the closure of TTD benefits, denial of the cold compression therapy unit and shoulder wrap, and the denial of compensability of cervical radiculopathy.

aspect of the right shoulder while roof bolting in a mine. Ms. Gee denied being hit in the head or losing consciousness. A CT of the chest revealed a hematoma over the trapezius muscle into the medial aspect of the superior portion of the shoulder. The CT showed no abnormalities. The clinical impression was traumatic hematoma and injury to the upper back.

Ms. Gee completed an Employees' and Physicians' Report of Occupational Injury or Disease on January 26, 2024. Ms. Gee indicated that she injured the right side of her back and right shoulder when she was struck by a rock while bolting. The physicians' portion of the form was completed by medical personnel at Reynolds Memorial Hospital. No diagnosis codes were listed.

On January 30, 2024, Ms. Gee was seen by Ross Tennant, NP. Ms. Gee reported that she was underground roof bolting when a large rock fell from overhead striking her on the right side of her upper back. Ms. Gee indicated that she was experiencing significant pain described as muscle spasms in the right upper trapezius muscle along the medial aspect of her shoulder blade. She was experiencing numbness and tingling to her entire right upper extremity but denied cervical or lower back pain. NP Tennant indicated that Ms. Gee should remain off work.

The claim administrator issued an order on February 1, 2024, that held the claim compensable for right shoulder contusion and granted temporary total disability ("TTD") benefits from January 27, 2024, through February 13, 2024.

On February 13, 2024, Ms. Gee followed up with NP Tennant and reported that she was still experiencing pain in the posterior right shoulder and difficulty with overhead movement. NP Tennant diagnosed a contusion of the right scapular region.

On March 3, 2024, Ms. Gee underwent a right shoulder MRI at Wheeling Hospital, which revealed a possible anterior labral tear. It was recommended that Ms. Gee undergo an MR arthrogram for further assessment.

Ms. Gee began treatment with Jeffrey Abbott, D.O., on March 19, 2024. Ms. Gee reported constant pain, decreased range of motion, and burning on the top and back of her shoulder. Ms. Gee also indicated that physical therapy was helping a little with the range of motion in her shoulder. Dr. Abbott assessed a glenoid labral tear, right, initial encounter, and recommended an MR arthrogram of the right shoulder.

On April 23, 2024, Ms. Gee followed up with Dr. Abbott. Dr. Abbott indicated that an MRI of the right shoulder was reviewed and showed a questionable anterior labral tear. Dr. Abbott indicated that the MR arthrogram of the right shoulder was normal. The assessment was neck pain, radiculopathy of the cervical spine, and right shoulder pain,

unspecified chronicity. Dr. Abbott recommended an MRI of the cervical spine to evaluate for a possible herniated disc causing Ms. Gee's right arm symptoms.

On May 2, 2024, WH Specialists made an authorization request on behalf of Dr. Abbott for Ms. Gee to receive a cold compression therapy unit for thirty days and a shoulder wrap. According to the authorization request, these medical devices were for postoperative use to reduce pain and swelling. By order dated May 3, 2024, the claim administrator denied the request for a cold compression therapy unit and shoulder wrap. Ms. Gee protested this order to the Board. Dr. Abbott made a second treatment request on May 18, 2024, for a cold compression therapy unit and lumbar wrap. This request was denied by order dated May 20, 2024, because a lumbar injury is not a compensable diagnosis in the claim. Ms. Gee again protested to the Board.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation of Ms. Gee and issued a report dated May 21, 2024. Ms. Gee reported stiffness in the neck; headaches; and an aching sensation at the right shoulder, which had improved. Dr. Mukkamala diagnosed a contusion of the right shoulder, resolved. Further, Dr. Mukkamala noted that Ms. Gee's treatment providers had requested to add the cervical spine to this claim, but he opined that there is no credible objective medical evidence of any injury to the neck with relation to the compensable injury. Dr. Mukkamala placed Ms. Gee at maximum medical improvement ("MMI") for the compensable injury and indicated that she does not require any additional diagnostic studies. However, Dr. Mukkamala recommended one session of physical therapy to address the overlap between the neck related symptoms and the right shoulder symptoms. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Mukkamala recommended 1% whole person impairment for the compensable injury.

On July 2, 2024, the claim administrator issued an order closing the claim for TTD benefits based on Dr. Mukkamala's report. Ms. Gee protested this order to the Board.

On July 29, 2024, Dr. Abbott completed a Diagnosis Update form, which requested that right shoulder pain and radiculopathy of the cervical spine be added as compensable conditions in the claim. By order dated July 31, 2024, the claim administrator denied Dr. Abbott's request on the basis that right shoulder pain and radiculopathy of the cervical region are not related to the claim. Ms. Gee protested this order to the Board.

On August 22, 2024, Ms. Gee was deposed regarding her claim. Ms. Gee testified that on January 26, 2024, she was panline bolting when she hit a void, and a piece of rock fell and hit her on the right side of her neck and her right shoulder. When asked about her current symptoms, Ms. Gee indicated that she gets shocking, tingling pain down her right arm, stiffness in her neck, migraines, and sharp pains in her right shoulder blade. Ms. Gee testified that prior to this injury, she did not have any problems with her neck or shoulder. When asked what Dr. Abbott was treating her for, she said that she was currently

undergoing physical therapy for her neck and right shoulder, and that if that did not work, he would refer her for injections in her neck, and that if those were ineffective, they would discuss surgery.

By order dated February 6, 2025, the Board affirmed the claim administrator's orders, which (1) closed the claim for TTD benefits, (2) denied the request for a cold compression therapy unit and shoulder wrap, and (3) denied the additional diagnosis of radiculopathy of the cervical region. It is from this order that Ms. Gee now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Ms. Gee argues that the Board erred in closing the claim for TTD benefits because she remained in active treatment at the time that Dr. Mukkamala placed her at MMI. Ms. Gee also asserts that her cervical radicular symptoms commenced only after her compensable injury and thus should be held compensable. Finally, Ms. Gee asserts that the cold compression therapy unit and shoulder wrap were meant to reduce inflammation in her shoulder, accelerate healing, and decrease pain as explained by Dr. Abbott.

Turning to the issue of TTD benefits, the Board concluded that the claim was properly closed for TTD benefits based upon Dr. Mukkamala's finding of MMI. West Virginia Code § 23-4-7a (2005) provides that TTD benefits are not available once a claimant reaches MMI, returns to work, or is released to return to work. The Board specifically found that there was no evidence in the record that refutes Dr. Mukkamala's

finding of MMI on May 21, 2024. Thus, we conclude that the Board was not clearly wrong in affirming the claim administrator's order closing the claim for TTD benefits.

Likewise, we conclude that the Board was not clearly wrong in affirming the claim administrator's order, which denied the additional diagnosis of cervical radiculopathy. Dr. Mukkamala concluded that there was no finding on physical examination or on the MRI of the cervical spine that indicated any injury to the cervical spine with relation to the incident of January 26, 2024. The Board found that Dr. Mukkamala's findings are supported by the objective medical evidence of record. Further, Ms. Gee indicated on the date of the incident that she injured the right side of her back and right shoulder when the rock fell from the ceiling, but did not mention any symptoms in her neck until several months after the date of the compensable injury.

However, upon review of the record, we conclude that the Board was clearly wrong in affirming the claim administrator's order denying the request for the cold compression therapy unit and shoulder wrap. The claim administrator must provide medically related and reasonably necessary treatment for the compensable injury. *See* West Virginia Code § 23-4-3 (2005) and West Virginia Code of State Rules § 85-20 (2006). Here, the postoperative language relied upon by the Board in affirming the claim administrator's order was not actually included in Dr. Abbott's original request, which stated that the cold compression therapy unit benefited patients through "less pain and swelling, improved wound healing, shortened recovery time, and improved rehabilitation." Further, Dr. Abbott stated that "it is evident that the cold compression therapy system is clinically appropriate for short-term and long-term care of tissue injury, whether caused by *trauma* or surgery."

It appears from the record that Dr. Abbott's request was merely describing the uses of the cold compression therapy unit and not indicating that Ms. Gee recently had surgery as concluded by the Board. Further, Dr. Abbott listed several benefits that the cold compression therapy unit provided for treatment of trauma injuries in his request. The Board should have considered this request as treatment for the compensable right shoulder contusion. Accordingly, we conclude that the cold compression therapy unit and shoulder wrap were medically related and reasonably necessary treatment for the compensable injury pursuant to West Virginia Code § 23-4-3 and West Virginia Code of State Rules § 85-20.

Based on the foregoing, we affirm the Board's February 6, 2025, order insofar as it pertains to the closure of the claim for TTD benefits and the denial of the additional diagnosis of cervical radiculopathy. However, we reverse the portion of the Board's order that denied authorization for the cold compression therapy unit and shoulder wrap.

Affirmed, in part, and Reversed, in part.

5

**ISSUED:**  August 29, 2025

**CONCURRED IN BY:**
Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

6